IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NUMBER

MEIR HAR-TZION,
    Plaintiff.

v.

WAVES SURF & SPORT, INC.
    Defendant.

**COMPLAINT**

## INTRODUCTION

1. This is an action seeking declaratory and compensatory relief.

## JURISDICTION

2. Jurisdiction in this action is founded on the existence of a federal question. This action arises under 29 U.S.C. §§ 201-19, the Fair Labor Standards Act, as it hereinafter more fully appears, hereinafter "FLSA".

## FACTS

3. Defendant Waves Surf & Sport, Inc. is a corporation, based in Pawley's Island, South Carolina. Defendant sells sportswear and surfing supplies and equipment.

4. Plaintiff Mr. Har-Tzion, who now resides in Newport News, Virginia, worked as an employee for Defendant from March until September of 2006, at Defendant's location in Ocean Isle Beach, which is in Brunswick County, North Carolina.

5. Plaintiff agreed to work for Plaintiff for $15.00 per hour. This was to be paid initially bi-weekly, which equated to $1,200 per pay period, and then any overtime was to be paid at the end of the season.

6. Despite this verbal agreement, Plaintiff was paid $1,000 the first two pay periods, which was never corrected (for those pay periods). Plaintiff was then paid $1,200 every two weeks for the remainder of his employment.

7. Plaintiff's duties were some things akin to manual labor. He did warehouse work. He unloaded trucks. He unpacked boxes. He placed pricing stickers on merchandise. He received his instructions from the manager of the store. He punched a time clock and still has all of his time cards. The manager did not punch a time clock. Plaintiff had no job title and did essentially any task which was asked of him in connection with Defendant's store. He had little or no discretion or control as to his duties.

6. Plaintiff's duties were virtually entirely "hands on." He was not in a management capacity whatsoever.

7. During his employment, worked well in excess of forty (40) hours every week. However, he was only paid for forty (40) hours each week.

8. Again, the owner of Defendant told Plaintiff he would be paid his overtime cumulatively at the end of his employment; but Defendant never paid Plaintiff his overtime.

9. The management of Defendant, including the owner, were completely aware of the time worked by him, above the forty (40) hours a week, without pay. Defendant's representation to Plaintiff that it would pay Plaintiff the overtime, indicates Defendant's awareness of Plaintiff's entitlement to overtime pay, and of Defendant's duty to pay to the same.

## CLAIM I

### DEFENDANT VIOLATED 29 U.S.C. 201-19, THE "FAIR LABOR STANDARDS ACT," BY FAILING TO PAY PLAINTIFF OVERTIME WAGES FOR THOSE HOURS WORKED IN EXCESS OF FORTY (40) HOURS PER WEEK.

11. The present action is being brought pursuant to 29 U.S.C. § 201-19, which provides for the filing of a civil action in the event that it is alleged that those provisions have been violated. Specifically, Plaintiff alleges that Defendant has violated 29 U.S.C. § 207 (a)(1), which provides that employers must pay time and a half for each hour an employee works beyond forty (40) hours each week. Plaintiff was essentially a non-exempt, hourly employee, who happened to be paid every two weeks, and who did not perform as his primary duty office or non-manual work directly related to management policies or general business operations, and whose work did not include or require the exercise of discretion and independent judgment. Plaintiff, during the entire period of his employment with Defendant, worked well in excess of forty (40) hours per week, but was only paid for forty (40). He is entitled to 1 1/2 times his hourly wage, for those hours worked above forty (40) hours.

## CLAIM II.

### THE THREE-YEAR STATUTE OF LIMITATIONS SHOULD APPLY TO THIS CASE BECAUSE THE NON-PAYMENT OF OVERTIME, AND THUS THE VIOLATION OF 29 U.S.C. § 207(a)(1), WAS WILLFUL.

12. Plaintiff contends that the three-year provision of 29 U.S.C. § 255(a) should apply in this case because the violation of 29 U.S.C. § 207(a)(1) was willful. In fact, Defendant induced Plaintiff to work the hours in excess of forty (40) per week by promising to pay overtime. Whether Defendant ever intended to pay Plaintiff overtime is unknown; what is known is that he never did pay Plaintiff the overtime. The combination of Defendant's promise through its owner to pay the overtime, and thus its acknowledgment that it was owed, and its failure to pay, creates an undeniable scenario of willfulness. Thus the three-year provision

should apply. Any allegation that Plaintiff is an exempt employee for the purposes of the FLSA, is a complete charade and should not stand in the way of a finding of willfulness.

## CONCLUSION

For the reasons contained herein, it is respectfully requested that Plaintiff be paid the overtime to which he is entitled, that he be granted a trial by jury, that the three-year statute of limitations be deemed applicable, in the event that any statute of limitations is deemed necessary, that his attorney's fees be paid by Defendant, and that the Court order any and all other remedies it deems appropriate.

This the 26th day of August, 2008.

        The Law Office of E. Holt Moore III

BY: \_\_\_\_/s/\_\_\_E. Holt Moore III_____
E. Holt Moore III, State Bar No. 24433
Attorney for Plaintiff
Post Office Box 777
Wilmington, N.C. 28402
(910) 763-4500
(910) 763-1676 Fax