IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CV-137-D

MEIR HAR-TZION, )
 )
        Plaintiff, )
 )
v. ) **ORDER**
 )
WAVES SURF & SPORT, INC., )
 )
        Defendant. )

On August 26, 2008, Meir Har-Tzion ("Har-Tzion" or "plaintiff") filed suit against Waves Surf & Sport, Inc. ("Waves" or "defendant") [D.E. 1], alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. On February 28, 2011, a jury returned a verdict in favor of Har-Tzion on the issue of liability [D.E. 39]. On May 11, 2011, the court determined damages and entered judgment awarding Har-Tzion $21,375 in unpaid overtime compensation and $21,375 in liquidated damages [D.E. 50]. On May 20, 2011, Har-Tzion filed a motion requesting an award of attorney's fees and costs under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 54(d) [D.E. 52]. On June 10, 2011, Waves responded in opposition [D.E. 54]. On June 23, 2011, Har-Tzion replied [D.E. 59]. For the reasons stated below, the court awards plaintiff $16,827.67 in attorney's fees and $558.75 in costs.

In an action filed under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, plaintiff is entitled to an award of attorney's fees and costs, but has the burden of demonstrating a reasonable award. Jackson v. Estelle's Place, LLC, 391 F. App'x 239, 242 (4th Cir. 2010) (per curiam) (unpublished). Calculation of a reasonable attorney's fee

requires calculation of a lodestar fee, followed by any appropriate reductions. Id. at 241–42; Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008); Lyle v. Food Lion, Inc., 954 F.2d 984, 988 (4th Cir. 1992). To calculate a lodestar fee, a court must determine a reasonable hourly rate and multiply that rate by the number of hours reasonably expended. Grissom, 549 F.3d at 320–21. A court must "exclude from this initial fee calculation hours that were not reasonably expended. . . . [because h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (quotations omitted and emphasis removed). In making its determination, a court should consider:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's Inc., 577 F.2d 216, 226 & n.28 (4th Cir. 1978) (adopting factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)); see Grissom, 549 F.3d at 321. "[A]fter calculating the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom, 549 F.3d at 321 (quotation omitted). Finally, the court considers the degree of success enjoyed by the plaintiff and awards a percentage of the remaining amount. Id.

First, defendant argues that plaintiff's motion is untimely. Def.'s Resp. 2. Defendant fails to cite any authority for this assertion, but relies on this court's March 16, 2011 order that instructed the parties to "submit their briefs on the remaining issues by April 15, 2011" [D.E. 42]. However, plaintiff could not be expected to brief the issue of attorney's fees until he knew the extent of his success. See, e.g., Grissom, 549 F.3d at 321; Barber, 577 F.2d 216, 226 n.28. Furthermore, because the court had not yet ruled on defendant's motion for judgment as a matter of law, plaintiff was not

2
Case 7:08-cv-00137-D   Document 62   Filed 08/04/11   Page 2 of 5

yet a prevailing party. See 29 U.S.C. § 216(b); Lyle, 954 F.2d at 988. Finally, a motion for attorney's fees must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(I). Plaintiff filed his motion nine days after the court entered judgment [D.E. 51–52]. Therefore, the motion is timely.

As for the merits of the motion, plaintiff's counsel requests a rate of $225 per hour. Pl.'s Mot. 2. He supports this request with the affidavits of two respected practitioners from the Wilmington, North Carolina legal community. Id., Ex. F. Defendant does not dispute that the rate requested by plaintiff's counsel is reasonable. Def.'s Resp. 3–5. However, defendant claims that plaintiff had a duty to maintain contemporaneous time records, and his reconstruction of some records is inadequate and requires that the reconstructed hours be excluded from the lodestar calculation. Id.

Although contemporaneous time records are greatly preferred, adequate reconstructions may support an award. See, e.g., MacDissi v. Valmont Indus., Inc., 856 F.2d 1054, 1061 (8th Cir. 1988); Yohay v. City of Alexandria Emps. Credit Union, Inc., 827 F.2d 967, 974 (4th Cir. 1987). However, reconstructions must contain sufficient information to allow the court to determine that the hours were reasonably expended. Hensley, 461 U.S. at 434; Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir. 1986). Here, plaintiff's counsel reconstructed time records from phone records and provided the phone records as supporting evidence. However, the court finds that the records for 6.59 hours of time lack sufficient detail to determine whether they warrant compensation. See Daly, 790 F.2d at 1079–80. Furthermore, the court finds that the time spent drafting an apology letter to the court for an attorney's own unprofessional behavior should never be billed to a client or an adversary. Hensley, 461 U.S. at 434. Therefore, the court finds an additional .20 hours unreasonable. See Pl.'s Mot., Ex. B at 9; [D.E. 19–21]. Finally, defendant argues preparation of a motion for attorney's fees is not compensable. Def.'s Resp. 5. However, the court finds that the number of hours expended preparing the fee request is reasonable and therefore compensable. See Daly, 790 F.2d at 1080. Thus, after reducing the total hours by 6.79, the court finds that the

3

resulting lodestar fee of $16,827.67[1] is reasonable under the Johnson factors. Because plaintiff was successful on his only claim and succeeded to the fullest extent of the law, no reductions are required. Therefore, the court awards plaintiff $16,827.67 in attorney's fees.

As for plaintiff's request for costs, a judge may tax the cost of the clerk's fees, "recorded transcripts necessarily obtained for use in the case," and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. "The concept of necessity for use in the case connotes something more than convenience...." Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999).

Plaintiff requests that Waves be taxed the clerk's $350 filing fee, the cost of Henry Shitrit's deposition, the cost of obtaining a copy of Har-Tzion's deposition, and the cost of obtaining a transcript of the trial. Pl.'s Mot. 8. Waves does not object to the award of the clerk's $350 filing fee, but objects to the taxing of deposition and transcript costs, claiming they were not necessary for trial. Def.'s Mot. 5.

Deposition costs may be taxed even when a deposition is only used at trial to impeach a witness. Herold v. Hajoca Corp., 864 F.2d 317, 322–23 (4th Cir. 1988). Because plaintiff's counsel used Mr. Shitrit's deposition during cross examination, Tr. 89–94, the court finds that the deposition was necessarily obtained for use in the case. However, only the reporter's fee ($62.50) and the charge for the original transcript ($146.25) will be taxed to defendant as necessary expenses. Local Civil Rule 54.1(c)(1)(a), EDNC. Furthermore, a copy of plaintiff's own deposition transcript was not necessary in this case. Cf. Advance Bus. Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 165 (D. Md. 1968). Therefore, the court refuses to tax the cost of obtaining a copy of Har-Tzion's deposition. Although costs of trial transcripts are normally taxable, Local Civil Rule 54.1(c)(1)(d),

---

[1] Plaintiff counsel's invoice includes duplicate entries. Although the duplicates were not included in the dollar amount requested, they were included in the calculation of the total number of hours. Furthermore, the invoice uses a discounted travel rate of $75/hour. Pl.'s Mot., Ex. B at 7–10. Therefore, the lodestar is calculated by subtracting $1,527.75 (6.79 multiplied by $225/hour) from the amount requested.

plaintiff's counsel failed to provide proper documentation to support this request. Pl.'s Mot., Ex. H at 4. Furthermore, the parties presented evidence to the jury for less than four hours [D.E. 37]. Thus, the court finds that a transcript was primarily for the convenience of counsel and declines to tax the cost of the trial transcript. See Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233–34 (1964), disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442–43 (1987).

In sum, plaintiff's motion for attorney's fees and costs [D.E. 52] is GRANTED in part and DENIED in part. The court awards plaintiff $558.75 in costs and $16,827.67 in attorney's fees.

SO ORDERED. This 4 day of August 2011.

JAMES C. DEVER III
United States District Judge

5
Case 7:08-cv-00137-D   Document 62   Filed 08/04/11   Page 5 of 5